RUSSELL S. BARNETT, III, OSB96038
1500 SW FIRST AVENUE, SUITE 780
PORTLAND, OR   97201
503-946-8000
email: russell@barnettlegaldefense.com
ATTORNEY FOR DEFENDANT

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 3:11-CR-00467-MO |
|     Plaintiff, | ) | |
| | ) | DEFENDANT'S SENTENCING |
| vs. | ) | MEMORANDUM |
| | ) | |
| MAURICIO CRUZ-GARCIA, | ) | |
|     Defendant. | ) | |

This matter is pending for imposition of sentence on April 22, 2013.  The purpose of this pleading is to summarize our views on the issues presented for the Court's review at the time of sentencing.

A.      INTRODUCTION

On October 22, 2012, Mr. Cruz-Garcia pled guilty to the crime of Conspiracy to Distribute Controlled Substances and Use Communications Facilities  21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(A).  He remains in federal custody on this matter, and awaits imposition of sentence.

B.      ADVISORY SENTENCING GUIDELINES BASE CALCULATIONS

We agree with the Probation Department and the government that the advisory Sentencing Guidelines calculation commences with a Base Offense Level of 38 as set forth in §§ 1B1.3 and 2D1.1(c)(1) of the Federal Sentence Guidelines Manual.

A three-level reduction for Acceptance of Responsibility applies in this matter pursuant to §3E1.1. The resultant Adjusted Advisory Guideline level is 35.

A two-level variance is jointly recommended by the parties for resolution of a complex case. The resultant Adjusted Advisory Guideline level is 33.

The parties both agree that a three-level downward departure under 18 U.S.C. § 3553(a) is proper to avoid unwarranted sentencing disparity between similarly situated defendants. The resultant Adjusted Advisory Guideline level is 30.

C. <u>CRIMINAL HISTORY ADVISORY SENTENCING GUIDELINES CALCULATIONS</u>

Under the analysis of Mr. Cruz-Garcia's criminal history–which we agree is technically accurate, the Probation Department has determined that Mr. Cruz-Garcia has a total of 3 criminal history points, placing him in Criminal History Category II. The underlying facts of Mr. Cruz-Garcia's situation suggest that his criminal history score is enhanced disproportionally. The criminal history calculation is based on a DUII conviction in 2010 resulting in one (1) point. Mr. Cruz-Garcia had an outstanding warrant for violation of probation on the DUII, so two additional points were added. The allegations of the probation violation are that Mr. Cruz-Garcia failed to return to the Washington County Community Corrections Center or the Tillamook County Community Corrections Center. The facts behind the failure to return to either facility are unusual, and significant. Mr. Cruz-Garcia is diabetic. While in custody he was transported to both St. Vincent's Hospital and Adventist Health—Tillamook County General Hospital and each time, instead of being admitted as a prisoner, he was left outside to walk in and self-admit. Thus Tillamook County was able to avoid the medical costs of an inmate, and he was not in custody while in the hospital. The apparent expectation was that Mr. Cruz-Garcia was to receive medical treatment (at his own cost), and upon discharge after multi-day stays in a medical facility, arrange for his own transportation back to a corrections facility. No attempt is being made to suggest that Mr. Cruz-Garcia's actions

were lawful, nor proper, but Defense Counsel brings this to the attention of the Court to distinguish this criminal history score from the more egregious or defiant acts more often associated with probation violations. Mr. Cruz-Garcia's criminal history score is, under the circumstances, greatly overvalued in the sentencing calculation. Under U.S.C.G. § 4A1.3(b), the Court may find that the Criminal History score "substantially over represents defendant's criminal history or the likelihood that the defendant will commit other crimes." The Defense believes Mr. Cruz-Garcia Criminal History Score should be considered a Category I for purposes of sentencing in this matter.

D.     RECOMMENDED SENTENCE

The Government has recommended a sentence of seventy-eight (78) months as long as the Mr. Cruz-Garcia demonstrates an acceptance of responsibility. The Probation Department has determined through their analysis that a sentence of 188 months is appropriate in this matter. Based on the negotiations between the parties to this matter, in the effort to negotiate a resolution sparing the government the expense of trial, the Mr. Cruz-Garcia asks that the Court sentence at the lowest available level proportionate to similarly situated co-defendants.

E.     POTENTIAL CONSIDERATIONS

Although this matter presents the Court with varied recommendations for sentencing from the parties and the Probation Department, counsel for Mr. Cruz-Garcia would be remiss if he did not highlight some of the issues of legitimate concern regarding the schema of the Sentencing Guidelines.

The Sentencing Guidelines are *ab initio* the product not of careful analysis and consideration of empirical data, but rather of political guessing. The crude methodology used to create the sentencing guidelines was one of simple arithmetic averaging and addition; the Sentencing Commission simply took the average national sentences for a given offense, and then increased the

incarceration term, without explanation, much less scientific study. See, U.S. v. Jaber, 362 F.Supp.2d 365 (D. Mass. 2005). This methodology is painfully wanting as an intellectual exercise, and has the effect of compressing the varied actions of individuals and their attendant circumstances. In other words, the effect of averaging raises the floor for those whose criminality is relatively minimal and reducing the ceiling for those whose criminality is relatively greater. Combine this averaging with the wide variance associated with certain types of offenses, e.g. quantity defined drug offenses, and you have a further disassociation of considerations of the offender and the punishment imposed.

Mr. Cruz-Garcia's family and social history, as recounted in the Presentence Report, reflects a life fraught with poverty, fear and desperation to survive. Not seeking to minimize the seriousness of the transgressions in this matter, Mr. Cruz-Garcia was but a minor cog in the machinery of criminality. Mr. Cruz-Garcia's addiction, limited education and impaired health make him particularly vulnerable to the overtures of others who offer him low-skill, high-risk opportunities for minimal income. That said, Mr. Cruz-Garcia fully accepts responsibility for his actions.

Lastly, Mr. Cruz-Garcia's medical condition is precarious—in addition to a multitude of medical problems, he is a hypertensive, insulin-dependent diabetic. Complicating matters is the fact that Mr. Cruz-Garcia will be deported once his prison sentence is completed. He will be deported to Mexico, where the availability of insulin—and the resources to store and use insulin are, for a person like Mr. Cruz-Garcia, virtually non-existent. Put bluntly, Mr. Cruz-Garcia has a dramatically reduced life expectancy upon his return to Mexico. The younger Mr. Cruz-Garcia is upon his return to Mexico, the better able he will be to adapt to a lack of insulin, and perhaps increase a meager life expectancy.

F.    CONCLUSION

The Government's recommended sentence of 78 months is certainly preferable to the Probation Office recommendation. The Probation Office recommendation of 188 months is both breath-taking and disproportionate to other participants in this criminal enterprise. Mr. Cruz-Garcia suggests, that under the circumstances of this case, "a low-end sentence is sufficient given the nature and circumstances of the offense." This sufficiency is only in context of the Sentencing Guidelines. Absent the advisory Sentencing Guidelines, under the policies enacted as part of 18 U.S.C. Sec. 3553(a), the recommended sentence might well be less than 78 months. Clearly, the considerations enumerated in 18 U.S.C. Sec. 3553(a) suggest a sentence less than 78 months would satisfy the needs of the government and the public.

DATED:       April 17, 2013

        Respectfully submitted,

        *s/d Russell S. Barnett, III*
        Russell S. Barnett, III, OSB# 96038
        Attorney for Mauricio Cruz-Garcia